PER CURIAM.
Steven Trimble has raised six issues in his pro se brief in relation to the court’s resen-tencing of him in accordance with this court’s mandate. We find no merit in these issues; however, we note in reviewing the record that the trial court’s written sentence does not comport with its oral pronouncement of sentence as to count two.
Subsequent to the trial court’s entry of amended sentences, it conducted a hearing to address Trimble’s motion to mitigate or motion to clarify. At that time the trial court orally modified the sentences in counts one and two. The trial court reduced the term of probation imposed in count one to eighteen years and modified the five-year sentence imposed in count two to five years’ probation, concurrent with the probation in count one. The trial court entered a third amended sentence as to count one which reflected its oral ruling but failed to enter a third amended sentence as to count two. A trial court’s written sentence must not vary from its oral pronouncement. Wright v. State, 600 So.2d 548 (Fla. 2d DCA 1992).
We remand this matter to the trial court to enter an amended sentence as to count two which conforms to its oral pronouncement. In all other respects the judgments and sentences are affirmed.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur.